## Case No. 12,367.

SARGENT v. YALE LOCK MANUF'G CO.

[17 Blatchf. 249; 1 17 O. G. 106; 4 Ban. & A. 579.]

Circuit Court, S. D. New York. Oct. 29, 1879.

PATENTS—ACCOUNT—PROFITS—SAVING FROM LOSS—ESTIMATES—MANNER OF FIXING DAMAGES.

1. The interlocutory decree in a suit in equity for the infringement of a patent, referred it to a master to take an account of the plaintiff's damages and of the defendant's profits. The master reported that there were no damages and no profits, but that the plaintiff was entitled to a compensation for the use of his patent by the defendant. It appeared that the use of the patent restored the salable character of the article the defendant made, and thus saved the defendant from loss: Held, that the money value of such advantage could be recovered, as compensation.

2. Opinions and estimates as to such value are not competent evidence.

3. The amount paid by the defendant for a license to use another patented invention, which he used after he ceased to infringe the plaintiff's patent and in substitution for the plaintiff's device, was held to be the proper measure of the value of the invention to the defendant.

[This was a bill in equity by James Sargent against the Yale Lock Manufacturing Company for an injunction to restrain the

---

1 [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

infringement of letters patent No. 98,622, granted to plaintiff January 4, 1870.]

Edmund Wetmore and George T. Curtis, for plaintiff.
Frederic H. Betts, for defendant.

BLATCHFORD, Circuit Judge. By the interlocutory decree in this case, it was referred to the master "to ascertain, and take and state and report to the court, an account of the damage sustained by the complainant, and of the gains, profits and advantages which the said defendant has received, or which have arisen or accrued to it, since the 4th day of January, 1870, from infringing the said exclusive rights of the complainant by the manufacture, use or sale of the said improvements set forth and described in said letters patent."

The master reports, that, in the summer of 1869, the plaintiff had picked a lock of the defendant's in a safe; that this made it necessary to discover a device to protect such lock; that the plaintiff then invented, for such purpose, the device covered by the patent in suit; that this accounting is upon such patent; that the device so patented was of no use or benefit to the plaintiff in the manufacture of his own locks, and was of no use or benefit to any manufacturers of locks other than the defendant; that the plaintiff never parted with his patent, or any interest in it, or granted any license under it; that it is not a question of damages, for the plaintiff did not make, or sell, or license others to use, his invention; that it is not a question of profits, because none have been shown, as such; and that it is a question of compensation to the plaintiff, for the benefit derived by the defendant from the use of his invention. The master then sets forth, that a witness, Munger, estimated the value of the plaintiff's device to the defendant at $10 per lock, for the double dial and No. 2 locks, and $5 for No. 3; and he also sets forth the testimony of a witness, Cady, as to the value of the plaintiff's device to the defendant; and he adds, that the testimony of those two witnesses does not form a basis upon which the master can make a computation of the money value of the device, which the defendant should pay to the plaintiff, it being the opinion and estimate only of those witnesses. The master then proceeds to say: "The defendant, however, offers a method for calculating the value of Sargent's device; for, in 1872, it abandoned the use of Sargent's invention, and adopted the devices claimed in a patent granted to Emory Stockwell, dated July 25th, 1871, and for which it pays royalty as follows: On the double-dial lock, per lock, $1; on the No. 1, (old No. 2,) 75 cents; on the No. 3, 50 cents. It is fair to believe, that the patentee, Stockwell, in accepting these royalties, was induced thereto by other considerations than the actual value of his invention. He had been, for a long time prior to his in-

vention, was then, and still is, in the employment of the defendant company. His time, paid for by the company, had been frequently employed in experimenting for its benefit. His relations with, and continued employment by, the defendant company, must have controlled the bargain made with it for its use of his said invention. What value or what amount should be added to the royalty paid Stockwell, to represent these considerations? We have two factors, one known, i. e., the money value paid Stockwell; the other unknown, i. e., the consideration inducing Stockwell to accept the same. Judge McKennan, of the Third circuit, in his opinion on the coming in of the master's report, in the case of Wetherill v. The New Jersey Zinc Co. [Case No. 17,464], said, in substance, that, where there were two factors, the value or proportion of one of which was known, and the other unknown, and which coöperated with each other, they must necessarily be treated as coequal in their contribution to the joint result. Following this principle, I am of the opinion, that, to the royalties paid to Stockwell, (a known factor,) there should be added an equal amount to represent the considerations (an unknown factor) which caused him to accept those royalties, to determine the fair value of his (Stockwell's) invention. As the defendant company used the invention of the complainant until the discovery of Stockwell, it seems equitable to allow complainant, for the use of his patented device, an amount equal to the value, above shown, of Stockwell's subsequent invention, during the period his device was used by the defendant. I, therefore, find, that the complainant should recover from the defendant company, as follows: On 250 double-dial locks, $2 per lock, $500; on 31 No. 1 locks, $1 50 per lock, $46 50; on 255 No. 3 locks, $1 per lock, $255; total, $801 50."

The plaintiff excepts to the finding of the master, that the testimony of the witnesses Munger and Cady does not form a basis upon which the master can make a computation of the money value of the device, which the defendant should pay to the plaintiff, for the reason that the estimate and opinion of experts is competent evidence of value in cases like the present. The plaintiff also excepts, in that the master bases his finding of the amount due the plaintiff on the royalty allowed Emory Stockwell, and the circumstance of Stockwell's employment by the defendant, as set forth in the report, and does not take into consideration not only the said circumstance, but the opinions of the witnesses Munger and Cady, and the other circumstantial evidence in the case relating to the requirements of the market, the effect of the plaintiff's picking of the defendant's lock, the impossibility of substituting any other device, except the patented device, to serve the same purpose, during the period when said patented device was used by the defendant, and all the other evidence introduced by the

plaintiff. The plaintiff also excepts to the finding of the master, that the compensation due to the plaintiff is $801 50, for the aforesaid reason, and because it is calculated without taking into consideration all the evidence and circumstances tending to prove and establish the actual amount due from the defendant to the plaintiff.

The defendant excepts to the finding and report of the master awarding any "compensation" to the plaintiff, because the master had reported that the plaintiff "did not suffer any damage," and that no profits on the part of the defendant were shown, and because the interlocutory decree only authorized the master to assess damages and take an account of. profits, and the master had no jurisdiction or power to estimate, find or report what he deemed a compensation to the plaintiff. The defendant also excepts because the master reports that any compensation to the plaintiff could be measured by the amount of royalty paid by the defendant to Stockwell for the use of his patented device. It also excepts to so much of the report as states that any amount or value should be added to the royalty paid to Stockwell; and to so much of the report as states that there were any considerations inducing Stockwell to accept the royalty specified as paid to him, other than the mere payment thereof; and to the finding, that the plaintiff should recover from the defendant the sum reported, or any sum.

The master was right in reporting a compensation to the plaintiff. Such compensation was either damages to the plaintiff or advantage to the defendant. It was the value of the use of the invention to the defendant. The defendant's lock became unsalable, and the use of the plaintiff's patented device restored its salable character. By using such device the defendant was saved from loss. This was an advantage which, on proper evidence, may be measured by a money value, and recovered. Cawood Patent, 94 U. S. 695, 710.

I think the master was right in rejecting the estimate of the witness Munger, and the general evidence of the witness Cady. I also think, that, under the circumstances of this case, the proper measure of the value of the invention to the defendant was the amount it paid Stockwell for a license under his patent, and that there is no sufficient ground, in the evidence, for adding anything to that amount. The amount of the plaintiff's recovery must be limited to $400.75. The plaintiff's exceptions are disallowed. Exceptions one, two and five of the defendant are disallowed, and exceptions three and four of the defendant are allowed.

[NOTE. On final hearing, on bill, answer, replication, and proofs, there was a decree for the complainant for an injunction, and for $400.75 damages and costs. From this decree defendant appealed to the supreme court, where the decree of this court was reversed, and the cause remanded, with directions to dismiss the bill. 117 U. S. 373, 6 Sup. Ct. 931.]